# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

---

ELI EISENBERG,

        Plaintiff,

-against-

DIVERSIFIED CONSULTANTS INC.,

        Defendant,

---------------------------------------------------------------X

Index No. 010418

S U M M O N S

Plaintiff's Residence Address

1139 51st Street, 2nd floor

Brooklyn, NY 11219

Defendant's address:

10550 Deerwood Park Boulevard
Ste. 309
Jacksonville, FL 32256

The basis of this venue is

Plaintiff's address

FILED
CLERKS OFFICE
APR 15 2019
CIVIL COURT
KINGS COUNTY

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of said Court at 141 Livingston Street, Brooklyn, New York 11201, within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $15,000.00 with interest from March 8, 2018 together with the costs of this action.

Dated: March 19, 2019

*[signature: Eh B]*

Edward B. Geller, Esq., P.C.

Attorney for Plaintiff

15 Landing Way

Bronx, New York 10464

Tel:(914)473-6783

Note the law provides that:

a) If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
KINGS COUNTY
-----------------------------------------------------------------X

ELI EISENBERG,                               Index No.:

         *Plaintiff,*

   -against-                              *CLASS ACTION COMPLAINT*

         Plaintiff,


DIVERSIFIED CONSULTANTS INC.

         Defendant(s).
-----------------------------------------------------------------X

    Plaintiff, ELI EISENBERG ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant(s), Diversified Consultants Inc., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.     Plaintiff ELI EISENBERG is a resident of the State of NEW YORK, residing at 1139 51ST STREET, 2nd Floor, BROOKLYN, NY 11219.

3.     Defendant DIVERSIFIED CONSULTANTS INC is a FLORIDA company

engaged in the business of debt collecting with an address at 10550 DEERWOOD PARK BOULEVARD, SUITE 309, JACKSONVILLE, FL 32256.

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## ALLEGATIONS FOR CLASS ACTION

6. Plaintiff brings this action as a class action, pursuant to Civil Practice Law and Rules 901 on behalf of himself and all persons/consumers, along with their successors in interest in the State of New York, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

7. This Class satisfies all the requirements of C.P.L.R 901 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violate various provisions of the FDCPA.

9. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

10. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and or injunctive relief.

11. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

13. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

14. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members

who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

17. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

18. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

21. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by sending Plaintiff a letter.

22. The Plaintiff received a letter from Defendant dated March 8, 2018 which informed him that he owed $50.57, originally to Verizon.

23. The letter stated "This notice is to inform you that your account with Verizon has been referred to our office for collection."

24. Underneath, the Defendant put in the 30-day validation without it being highlighted or listed as important consumer rights, making it not adequately conveyed. The consumer would not know these are important rights and not just a courtesy.

25. At the very bottom of the page in black bold lettering is the statement "See reverse side for important information."

26. When the letter is turned over, at the top of the back of the page it states "We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under State and Federal law." The list however contains statement that are not state or federal laws.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

29. The Defendant violated 15 USC §1692 f preface when, it unfairly inserted the 30-day validation without it being noticeable or distinguishable from the rest of the letter and not adequately conveyed. The Defendant should have highlighted the 30-day notice and labeled it as important consumer rights. If Defendant had done so, the Plaintiff/consumer would know those are his rights and not just a courtesy from the debt collection company.

30. The Defendant further violated 15 USC §1692 f preface when the its letter

stated "See reverse side for important information" in large bold print at the bottom of the letter. Not only does this statement unfairly direct the Plaintiff/consumer to the back of the letter for important information, thus drawing attention away from the 30-day validation on the front of the letter. It leads the Plaintiff/consumer to believe that his important rights are listed the back. But at the top it also states that those are State and Federal Rights even though not all of them are. The least sophisticated consumer would believe those are his Federal Rights and not understand and know that on the front those are his Federal Rights under the FDCPA and the Defendant did not adequately convey them.

31. 15 USC §1692 g (4) – says that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector.

32. Defendant violated 15 USC §1692 g (4) – when it sent Plaintiff a collection letter with the G violation inserted without it being noticeable or distinguishable from the rest of the letter and not adequately conveyed. The consumer could easily overlook this section as it is unlabeled and not distinguished to convey it as important consumer rights therefore making the G notice not adequately conveyed.

33. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1) in the amount of $15,000.00;

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         December 26, 2018

                              Respectfully submitted,

                              By: _____
                              Edward B. Geller, Esq.
                              Edward B. Geller, Esq., P.C., Of Counsel to
                              M. HARVEY REPHEN & ASSOCIATES, P.C.
                              15 Landing Way
                              Bronx, New York 10464
                              Phone: (914)473-6783

*Attorney for the Plaintiff* ELI EISENBERG

## AFFIRMATION

I, Eli Eisenberg, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Eli Eisenberg

_____ [Printed]
Plaintiff

Affirmed before me this ___ day of _____ 2019

_____
Notary Public